O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| In re:<br>HALSEY MCLEAN MINOR,<br>　　　　Debtor,<br>――――――――――――――<br>HALSEY MCLEAN MINOR,<br>　　　　Appellant,<br>　　v.<br>UNITED STATES OF AMERICA,<br>　　　　Appellee. | *Case №* 2:20-cv-03626-ODW<br>*Bankruptcy Case №* 2:13-bk-23787-BR<br>*Adversary Case №* 2:19-ap-01448-BR<br>Chapter 7<br><br>**MEMORANDUM OPINION** |

## I.　INTRODUCTION

Plaintiff-Appellant Halsey Mclean Minor appeals an order from the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") granting Defendant-Appellee The United States of America's motion for judgment on the pleadings and denying Minor's own motion for judgment on the pleadings. Minor initiated this adversary action in the Bankruptcy Court, seeking a declaration determining the amount of an unsatisfied priority tax debt that Minor still owes the

Internal Revenue Service ("IRS") for the 2009 tax year. (*See* Excerpts of R. ("ER") 229–57, ECF Nos. 14-1–14-21.) The United States claims Minor owes the IRS $462,432 in unsatisfied priority taxes stemming from 2009, but Minor claims the amount cannot be more than $115,188.33. (ER 232.)

In the case below, both Minor and the United States moved for judgment on the pleadings. (ER 93–216.) The Bankruptcy Court held a hearing on the cross-motions ("Hearing") and, "[f]or the reasons stated on the record," granted the United States' motion and denied Minor's motion. (ER 10.) Minor timely appealed, and the United States timely elected for the appeal to be heard by this Court. This Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158 and Federal Rule of Bankruptcy Procedure 8001(b). The matter is fully briefed. (Appellant's Opening Br., ECF No. 13; Appellee's Resp. Br., ECF No. 15; Appellant's Reply Br., ECF No. 16.) For the following reasons, the decision of the Bankruptcy Court is **AFFIRMED**.[1]

## II.     BACKGROUND

Minor initiated chapter 7 bankruptcy proceedings on May 24, 2013, and he received a discharge pursuant to 11 U.S.C. § 727(a) on May 18, 2015. (ER 230.) On March 9, 2018, the IRS filed an amended proof of claim in the bankruptcy proceedings for $25,916,478.45, for unpaid federal income taxes owed by Minor for tax years 2007, 2008, 2009, and 2011 (the "IRS Claim"). (ER 549; 560–70.) The IRS Claim consisted of a secured claim of $24,857,210.48, a priority claim of $997,869.07, and an unsecured general claim of $61,398.90. (ER 564.)

The Franchise Tax Board ("FTB") also filed its own proof of claim, the specifics of which are not relevant for present purposes. (*See* ER 549, 556–59.) What is relevant is that the bankruptcy estate did not hold enough funds to pay the IRS and FTB claims in full; thus, the bankruptcy trustee ("Trustee"), the IRS, and the FTB

---

[1] After carefully considering the briefs and excerpts of record filed in connection with this appeal, the Court determined the decisional process would not be significantly aided by oral argument because the facts and legal arguments are adequately presented in the briefs and record. Fed. R. Bankr. P. 8019(b)(3).

entered into a stipulation regarding the division of available funds ("Stipulation"). (*See* Appellant's Opening Br. 4; Appellee's Resp. Br. 4.)

The purpose of the Stipulation, as articulated therein, was "to address (i) the treatment and allowed amount of each of the IRS Claim and the FTB Claim in the bankruptcy case, and (ii) the payments on account of the IRS Claim and the FTB Claim from the [remaining funds in bankruptcy]." (ER 553.) To that end, Paragraph 1 of the Stipulation provides, with respect to the IRS's claim:

> The IRS Claim shall be allowed as a secured claim in the amount of the IRS Sotheby's Share in the amount of $586,604.12 (the 'IRS Secured Claim'), a priority claim in the amount of $997,869.07 (the 'IRS Priority Claim'), a general unsecured claim in the amount of $19,706,386.41, and a subordinated claim for penalties in the amount of $4,625,648.18.

(ER 553.)

On October 17, 2018, the Bankruptcy Court issued an order approving the Stipulation (the "Stipulation Order"). (ER 497–99.) Consistent with the Stipulation Order, the Trustee's Final Account and Distribution Report Certification, dated June 24, 2019, shows the Trustee distributed $882,680.74 to the United States as payment on the $997,869.07 IRS Priority Claim, thereby leaving $115,188.33 of the IRS Priority Claim unpaid. (ER 271.)

"On October 10, 2019, the IRS represented to Minor that, after accounting for the distribution of $882,680.74 received from the Trustee, Minor owes income tax to the IRS for the tax period ending December 31, 2009, in the amount of approximately $462,432," notwithstanding Minor's bankruptcy discharge and the Stipulation. (ER 232.) Minor then initiated the present adversary action in the Bankruptcy Court, seeking a determination of the amount, if any, of the unsatisfied IRS Priority Claim that the United States (i.e., the IRS) may attempt to collect without violating Minor's discharge. (*See* ER 233.) As mentioned, both parties moved for judgment on the pleadings, and the Bankruptcy Court ruled in the United States' favor on both. (ER 9.) This Court now reviews that decision on appeal.

### III. STANDARD OF REVIEW

"[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals." *In re Crystal Props., Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001). "The bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code are reviewed de novo and its factual findings for clear error." *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009).

A bankruptcy court's grant of a motion for judgment on the pleadings is reviewed de novo, *In re Mortgs. Ltd.*, 771 F.3d 623, 630 (9th Cir. 2014), and a bankruptcy court's denial of a motion for judgment on the pleadings is reviewed for an abuse of discretion, *In re Moser*, 613 B.R. 721, 727 (9th Cir. B.A.P. 2020). "De novo review requires that [the court] consider a matter anew, as if no decision had been made previously." *In re Francis*, 505 B.R. 914, 917 (9th Cir. B.A.P. 2014). And whether a bankruptcy court abused its discretion turns on a two-step inquiry. *Moser*, 613 B.R. at 727. First, the district court "review[s] de novo whether the bankruptcy court 'identified the correct legal rule to apply to the relief requested.'" *Id.* (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262–63 n.21 (9th Cir. 2009) (en banc)). Second, "if it did, [the court] consider[s] whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Id.*

Motions for judgment on the pleadings may be brought after pleadings are closed, but within such time as to not delay a trial. Fed. R. Civ. P. 12(c); *see also* Fed. R. Bankr. P. 7012(b). Because Rule 12(c) motions and Rule 12(b)(6) motions are "functionally identical," the same standard of review applies to both. *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). When ruling on a motion for judgment on the pleadings, "[a]ll allegations of fact by the party opposing the motion are accepted as true" and are construed in the light most favorable to that party. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Judgment on the

pleadings is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

## IV.   DISCUSSION

The facts of this case are not disputed. (*See* ER 218.) The parties also agree on several points of law. For instance, they agree that Minor's tax debt for the 2009 tax year is entitled to priority pursuant to Bankruptcy Code § 507(a)(8) because Minor's 2009 tax return was due less than three years before he filed his bankruptcy petition. (*See* Appellant's Opening Br. 7; Appellee's Resp. Br. 7.) They further agree that under Bankruptcy Code § 523(a)(1)(A), such taxes are deemed nondischargeable in bankruptcy. (*See* Appellant's Opening Br. 7; Appellee's Resp. Br. 7.) They even agree that the IRS may normally pursue a nondischargeable debt after the close of bankruptcy, regardless of whether the IRS included the debt in a proof of claim during bankruptcy. (*See* Appellant's Opening Br. 8; Appellee's Resp. Br. 10–11.)[2]

The only issue in this case is whether the Stipulation Order precludes the IRS from claiming additional taxes from Minor for the 2009 tax year. Minor relies heavily on two cases, *Matunas* and *Breland*, to argue that under res judicata principles, the Stipulation Order bars any future disputes as to the amount of Minor's tax liability for the years 2007, 2008, 2009, and 2011. (*See* Appellant's Opening Br. 8–9 (citing *In re Matunas*, 261 B.R. 129 (Bankr. D.N.J. 2001); *In re Breland*, 474 B.R. 766 (Bankr. S.D. Ala. 2012) [hereinafter *Breland*], *aff'd*, *United States v. Breland*, No. 12-00512-KD-C, 2012 WL 7062613, at *1 (S.D. Ala. Dec. 27, 2012)).)[3]

---

[2] *See also In re Bartleson*, 253 B.R. 75, 81 (9th Cir. B.A.P. 2000); *In re DePaolo*, 45 F.3d 373, 376 (10th Cir. 1995) ("Congress has determined that the IRS may make a claim for [nondischargeable] taxes for a particular year in a bankruptcy proceeding, accept the judgment of the bankruptcy court, then audit and make additional claims for that same year, even though such conduct may seem inequitable or may impair the debtor's fresh start.").

[3] Although Minor cites additional cases for the same proposition, *Matunas* and *Breland* appear most analogous to the present case, and they sufficiently exemplify Minor's position. Additionally, at oral

However, the Bankruptcy Court rejected Minor's same argument below because (1) the Stipulation does not purport to render any debts dischargeable, and (2) Minor was not a party to the Stipulation. (*See* ER 22–24 ("Where is there any discussion in [the Stipulation] . . . that [Minor's tax debt] would no longer be non-dischargeable?"); ER 40 ("[The Stipulation] was never [an] agreement with the debtor. The issue in our case is totally different [from *Breland*].").) The United States now asserts these same points in response to Minor's appeal. (*See* Appellee's Resp. Br. 7–23.) Although the Court's reasoning differs slightly from that of the Bankruptcy Court (*see* note 4, *infra*), the Court ultimately agrees that the Stipulation Order does not preclude the IRS from claiming tax debt from Minor for the 2009 tax year, in excess of the stipulated IRS Priority Claim.

Res judicata bars "any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis and internal quotation marks omitted); *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 528–29 (9th Cir. 1998) ("That [includes] matters decided in bankruptcy."). Specifically, res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation marks omitted).

Bankruptcy courts have authority to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax." 11 U.S.C. § 505(a)(1); *see also Hoffman v. Conn. Dep't of Income Maint.*, 492 U.S. 96, 102 (1989). Thus, where a creditor voluntarily stipulates to the amount of a debtor's liability for a particular claim and the bankruptcy court enters the stipulation in a consent order, courts have held that the consent order serves as a final judgment on the merits as to the amount of the debtor's liability for that same claim. *See, e.g.*,

---

argument before the Bankruptcy Court, Minor's counsel stated that Minor's case "really does rise or fall on whether this court agrees with the . . . *Matunas* case and the . . . *Breland* case." (ER 26.)

*Matunas*, 261 B.R. at 132–33; *Breland*, 474 B.R. at 769–70. Where there is *also* an identity of claims *and* an identity or privity of parties, res judicata precludes the creditor from attempting to relitigate the amount of the stipulated claim. This is true even where the additional debt would otherwise be nondischargeable. *See Breland*, 474 B.R. at 770 ("[D]ischargeability . . . would only be relevant if the confirmed plan, and not the Consent Order, operated as a determination of the debtor's tax liability.").[4]

Here, the Trustee, the IRS, and the FTB entered into the Stipulation to determine how the Trustee would distribute limited funds from the bankruptcy estate toward the agencies' competing claims. To that end, the IRS and the Trustee agreed to allowance of the IRS Priority Claim in the amount of $997,869.07, which encompassed the 2007, 2008, 2009, and 2011 tax years. The Bankruptcy Court entered the Stipulation Order, which served as a final judgment on the merits as to the issues settled by the Stipulation. *See Matunas*, 261 B.R. at 132–33.

However, no identity of claims exists. With respect to the Stipulation, "the allowance of the claim against the estate did not turn on whether or to what extent" Minor owed taxes for the 2009 tax year. *See In re Parsons*, 505 B.R. 540, 546 (Bankr. D. Haw. 2014) (holding that a stipulated consent order between trustee and creditor did not preclude the debtor from challenging nondischargeability where nondischargeability was not contemplated by the stipulation). Rather, the purpose of the Stipulation was simply to determine how the IRS and FTB would divide the limited funds held by the estate. The accuracy of the IRS's proof of claim was never at issue. "In other words, the recitation in the [Stipulation Order] that a portion of the [IRS Priority Claim] represented [Minor's 2009 tax debt] was not "essential" to the

---

[4] It must be noted that the United States' main argument in this action seems to be that Minor's 2009 tax debt is nondischargeable. However, as explained in *Breland*, 474 B.R. at 770, whether Minor's 2009 tax debt is nondischargeable under § 523(a)(1)(A) is irrelevant. Whether the Stipulation discusses dischargeability is irrelevant. The only pertinent issue here is whether the IRS is bound, by res judicata, to the amount designated as the IRS Priority Claim in the Stipulation Order.

legal question of the allowance of the claim, and *therefore that statement has no preclusive effect*." *See id.* (emphasis added).

Furthermore, it appears Minor lacks privity. "Privity represents a legal conclusion that the relation between the party and non-party is so close that the judgment may fairly bind the non-party." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1277–78 (9th Cir. 1992). This cannot be said for Minor and the Trustee with regard to the Stipulation. Rather, both were free to dispute the IRS's proof of claim in Minor's bankruptcy. *See Siegel*, 143 F.3d at 530 (citing 11 U.S.C. § 502(a)) ("Again, *any* party in interest can object." (emphasis added)). "[P]arallel legal interests alone, identical or otherwise, are not sufficient to establish privity." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005). Because the Trustee was not obligated or motivated to challenge Minor's personal liability for the IRS's claim, Minor was not in privity with the Trustee for purposes of the stipulated IRS Priority Claim. *See generally Parsons*, 505 B.R. at 545.

## V. CONCLUSION

In summary, res judicata does not apply. As between the Stipulation and the IRS's later attempt to recover taxes from Minor for the 2009 tax year, there is no identity of claims. Further, Minor was not a party to the Stipulation, and Minor lacks the necessary privity with the Trustee to otherwise establish res judicata. The Bankruptcy Court did not abuse its discretion in denying Minor's motion for judgment on the pleadings, nor did it err in granting the United States' motion for judgment on the pleadings. The Bankruptcy Court's order is **AFFIRMED**.

**IT IS SO ORDERED.**

March 12, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**